[Cite as *State v. St. John*, 2017-Ohio-4043.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-133** |
| JAMES R. ST. JOHN, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 15 CR 000091.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Matthew C. Bangerter*, P.O. Box 148, Mentor, OH 44061 (For Defendant-Appellant).



THOMAS R. WRIGHT, J.


{¶1}  Appellant, James R. St. John, appeals his twenty-two year sentence after pleading guilty to four felony offenses.  He contests imposition of consecutive sentences, the length of his sentences, and the court's refusal to merge two of the offenses.  The sentence is affirmed in all respects.

{¶2}  As of January 2015, appellant lived on Traymore Boulevard in Eastlake,

Lake County, Ohio, a residence near the home of a woman whom he dated for a brief period and with whom he remained friends. This friend's ten-year-old daughter, M.H., would visit appellant's residence from time to time to watch movies. M.H.'s ten-year-old friend, T.M., would sometimes accompany her.

{¶3} After coming home from work on the night of January 9, 2015, appellant had dinner and got high on cocaine. At approximately 10:00 p.m., he sent a text to M.H., inviting her to come over to watch movies. T.M. was spending the night with M.H. Both went to appellant's residence. Shortly after arrival, appellant played a pornographic movie on his television. Appellant had done this on a prior visit, making both girls uncomfortable.

{¶4} While the movie was playing, M.H. suggested that the three of them play "truth or dare," a game in which one person would dare the others to do certain things. Over the next twenty to thirty minutes, the girls: (1) kissed each other; (2) touched appellant's exposed penis moving their hands up and down; (3) placed their mouth on appellant's exposed penis; and (4) rubbed their clothed and unclothed body against appellant's body and penis. Appellant also touched his mouth on each of the girls' genitals. At the conclusion, appellant gave the girls ice cream and told them to not tell anyone.

{¶5} Over the next few days, appellant and the girls exchanged texts regarding what would happen if the girls told their parents. Ultimately, M.H. told appellant that she was going to tell her mother or grandmother. In response, he texted that he would come to M.H.'s home and admit the incident to her mother, and then turn himself into the police. Eight days following the incident, appellant went to the Eastlake Police

Department and told an officer what happened.

{¶6} After M.H. confirmed appellant's statement, the police searched his residence. The police found significant drug paraphernalia, twenty-three adult magazines, and ten pornographic videos. Some of the pornography depicted girls who, if eighteen years old, were made to look younger.

{¶7} Appellant pleaded guilty to a four-count information, charging him with one count of rape and one count of gross sexual imposition as to each victim. Upon accepting the plea, the trial court found him guilty and ordered a presentence investigation and a sex offender assessment. At the sentencing hearing, defense counsel presented testimony of a forensic psychologist addressing recidivism. The trial court sentenced appellant to ten years on each rape count and one-year on each gross sexual imposition count, consecutively, for an aggregate term of twenty-two years.

{¶8} Appellant asserts three assignments of error:

{¶9} "[1.] The trial court erred to the prejudice of the defendant-appellant by failing to merge allied offenses of similar import.

{¶10} "[2.] The trial court erred by sentencing the defendant-appellant to a term of imprisonment contrary to statute and where its findings were not supported by the record.

{¶11} "[3.] The trial court erred by sentencing the defendant-appellant to a term of imprisonment contrary to statute and where its findings were not supported by the record."

{¶12} Prior to sentencing, appellant moved the trial court to merge the gross sexual imposition charge with the rape charge corresponding to the same victim. The

3

trial court heard arguments and overruled appellant's motion. Under his first assignment, appellant asserts this as error.

{¶13} The imposition of multiple punishments is governed by R.C. 2941.25:

{¶14} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶15} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶16} In its most recent pronouncement on merger, the Supreme Court of Ohio stated:

{¶17} "Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus.

{¶18} As to the first prong of the foregoing standard, "[g]ross sexual imposition and rape may, depending on the circumstances, be allied offenses of similar import. For instance, it is well-established that gross sexual imposition is a lesser included offense of rape. *State v. Johnson* (1988), 36 Ohio St.3d 224, 226, 522 N.E.2d 1082;

4

*State v. Jones* (1996), 114 Ohio App.3d 306, 325, 683 N.E.2d 87. Accordingly, under R.C. 2941.25, a defendant may generally not be convicted of and sentenced for both gross sexual imposition and rape when they arise out of the same conduct." *State v. Hay*, 3d Dist. Union No. 14-2000-24, 2000 Ohio App. LEXIS 5951, *7 (Dec. 19, 2000).

{¶19} Other Ohio appellate districts have followed this reasoning in regard to gross sexual imposition and rape. *See, e.g., State v. J.M.*, 10th Dist. Franklin No. 14AP-621, 2015-Ohio-5574, ¶56; *State v. Hemphill*, 8th Dist. Cuyahoga No. 85431, 2005-Ohio-3726, ¶98. These districts also emphasize that the corollary of *Hay:* that if the gross sexual imposition and rape are based upon *separate* conduct, the defendant can be convicted and sentenced on both crimes. *State v. Millhoan*, 6th Dist. Lucas Nos. L-10-1328 and L-10-1329, 2011-Ohio-4741, ¶49.

{¶20} In deciding whether the two offenses are based upon the same conduct, the focus is upon whether both crimes were accomplished by a single act. For example, in *J.M.*, at ¶56, the merger of gross sexual imposition into rape was upheld because both offenses were completed with one gesture: i.e., while the defendant rubbed his hand across the victim's genitals, he momentarily made penetration with his finger. However, the opposite conclusion is reached when the two offenses are predicated upon distinct acts:

{¶21} "With respect to each victim, the rape count or counts involve the performance of fellatio by appellant upon his victim, while the gross sexual imposition counts involve the rubbing of appellant's penis on the victim's buttocks * * *. These are distinct sexual acts involving different areas of the victim's body that were obviously not performed simultaneously and, therefore, constitute separate crimes for which appellant

5

may be convicted and sentenced." *Millhoan*, at ¶51.

{¶22} A similar analysis was followed in *Hay*, at *7-8: "The charge of gross sexual imposition was premised upon the alleged masturbation of Thomas's penis. This is separate and distinct from the action, specifically the act of fellatio, which constituted the sexual conduct which lead to the appellant's criminal charge for rape. Therefore, the appellant committed two separate offenses and he may be convicted of both. See R.C. 2941.25(B)." (Footnotes omitted.)

{¶23} In our case, the rapes and the gross sexual impositions are based upon separate acts involving distinct parts of each victim's body. As noted, the rape counts are predicated upon each victim placing her mouth upon the appellant's penis. In contrast, the gross sexual imposition charges stem from each victim rubbing their body on his genitals.

{¶24} This is not a situation in which the gross sexual imposition and rape occurred simultaneously. In addition to each offense being based upon a separate act, there is no dispute that the acts took place during a game of truth or dare, in which the acts occurred after a new "dare" was stated. The first assignment lacks merit.

{¶25} Although appellant's remaining two assignments are worded identically, they raise distinct sentencing issues. Under the second assignment, he submits that the trial court did not make the required findings under R.C. 2929.14(C) to impose consecutive prison terms.

{¶26} An appellate court's review of a felony sentence is controlled solely by the provisions of R.C. 2953.08(G)(2). *State v. Grega*, 11th Dist. Ashtabula No. 2014-A-0002, 2014-Ohio-5179, ¶10. That statute provides:

6

{**¶27**} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{**¶28**} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{**¶29**} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{**¶30**} "(b) That the sentence is otherwise contrary to law."

{**¶31**} Under this standard, an appellate court upholds the imposed felony sentence unless: (1) required mandatory findings are clearly and convincingly not supported by the record; or (2) the sentence is clearly and convincingly not consistent with other pertinent aspects of the law. *State v. Talley*, 11th Dist. Trumbull No. 2014-T-0098, 2015-Ohio-2816, ¶15, citing *State v. Robinson*, 1st Dist. Hamilton No. C-140043, 2015-Ohio-773, ¶38.

{**¶32**} "It is important to note 'that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the

7

court's findings.' [*State v.*] *Venes*, 2013-Ohio-1891, 992 N.E.2d 453, at ¶21. 'In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.' *Id.*" *State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, 25575, and 25576, 2013-Ohio-5759, ¶31.

**{¶33}** Pursuant to R.C. 2929.14(C)(4), a trial court "may" sentence the offender to consecutive prison terms if it finds that: (1) such terms are "necessary to protect the public from future crime or to punish the offender"; (2) such terms "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of three alternative factors exist. In this case, as to the third requirement, the trial court found subsections (b) and (c) were satisfied:

**{¶34}** "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶35}** "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

**{¶36}** In contesting the adequacy of the trial court's factual findings under R.C. 2929.14(C), appellant challenges the third requirement. Specifically, he maintains that, during the sentencing hearing, the trial court did not make all necessary findings as to alternative (b), because he failed to find offenses were committed as part of a course of conduct.

8

**{¶37}** As part of its oral pronouncement of sentence, the trial court stated:

**{¶38}** "The Court does believe that consecutive sentences are necessary to protect the public and punish the offender. Consecutive sentences in this case would not be disproportionate to his conduct and the danger the offender poses. *The Court does find that the harm is so great or unusual that a single term would not adequately reflect the seriousness of his conduct*, and that his criminal history shows that consecutive terms are needed to protect the public." (Emphasis added.)

**{¶39}** In light of the italicized phrase, the trial court predicated its finding in part upon alternative (b). Yet, despite finding that the harm caused is so great or unusual that concurrent terms would not adequately reflect the seriousness of his conduct, the court did not expressly state that the crimes were committed as part of one or more courses of conduct.

**{¶40}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37. The findings are needed to overcome the statutory presumption of concurrent prison terms. R.C. 2929.41; *State v. Carnes*, 11th Dist. Trumbull No. 2014-T-0120, 2015-Ohio-4429, ¶11, citing *Bonnell*, at ¶23.

**{¶41}** "[W]hen making findings regarding consecutive sentences, 'a verbatim recitation of the statutory language is not required by the trial court.' *State v, Green*, 11th Dist. Ashtabula No. 2003-A-0089, 2005-Ohio-3268, ¶26, citing *State v. Grissom*, 11th Dist. Lake No. 2001-L-107, 2002-Ohio-5154, ¶21. The trial court is not required to

use 'magic words' in order to satisfy its obligation to make findings before imposing consecutive sentences. *Venus*, *supra*, ¶13. It is sufficient if the trial court makes statements during the sentencing hearing showing that the decision to impose consecutive prison terms was predicated upon R.C. 2929.14(C)(4). *State v. Lewis*, 11th Dist. Lake No. 2012-L-074, 2013-Ohio-074, ¶92, 94." *State v. Koeser*, 11th Dist. Portage No. 2013-P-0041, 2013-Ohio-5838, ¶23.

{¶42} In *Koeser*, the trial court imposed consecutive sentences under R.C. 2929.14(C)(4)(b) without expressly stating that the multiple offenses were committed as part of a course of conduct. This court held that other statements the trial court made during the sentencing hearing were sufficient to satisfy the course of conduct finding requirement:

{¶43} "The trial court found that appellant had pled guilty to three counts: illegal manufacture of marijuana, illegal manufacture of psilocin mushrooms, and endangering children, each of which was committed on February 15, 2012, at appellant's residence. Moreover, the trial court found that appellant was involved in the manufacture of a 'bus load' of marijuana and psilocin mushrooms at that time and that this activity occurred in the presence of appellant's child. Thus, the trial court in effect found these three offenses were committed as part of a course of conduct." *Id*. at ¶27.

{¶44} Under *Koeser* a trial court makes a sufficient "course of conduct" finding if, at some point during the sentencing hearing, the court notes that the defendant has been found guilty of multiple offenses that had the necessary temporal relationship. This is consistent with the general principle that a proper finding can be made without the recitation of the specific words used in the statute.

{¶45} At the outset of the sentencing hearing in our case, the trial court made a statement similar to the one in *Koeser*. In overruling appellant's motion to merge the gross sexual imposition counts with the rape counts, the trial court stated:

{¶46} "The Court determines that for the reasons stated, these do not merge. The Court will sentence on all 4. That there's a separate animus, a separate conduct. There's been a break in time. There's a separate decision made to commit each of the violations. The rapes could be committed without committing the GSI's, the GSI's could be committed without committing rape. All of these were committed separately."

{¶47} Furthermore, immediately prior to stating its specific findings regarding consecutive sentences, the trial court reiterated that appellant would be sentenced on all four offenses. By concluding that appellant made a separate decision to commit each of the four crimes, the trial court was finding that the crimes did not occur all at once; i.e., the crimes took place as part of one or more courses of conduct. This finding is clearly supported by the underlying facts of the case. Appellant required the two victims to engage in a series of distinct sexual acts over a period of twenty to thirty minutes. Last, requiring a trial court to "find" that the offenses were committed as part of "one or more courses of conduct" serves no purpose as it is true by necessity, not case sensitive. It is impossible to commit multiple offenses in the absence of one or more courses of conduct.

{¶48} Taken as a whole, the trial court's finding is sufficient to fully inform appellant that imposition of consecutive sentences is based in part upon alternative (b). Moreover, appellant has not argued that the trial court's finding is otherwise clearly and convincingly not supported. Accordingly, appellant has failed to show that the trial court

11

committed prejudicial error in imposing consecutive sentences. In light of our analysis under R.C. 2929.14(C)(4)(b), it is not necessary to discuss the merits of the trial court's separate finding under R.C. 2929.14(C)(4)(c) that appellant's prior criminal record is sufficient to justify the imposition of consecutive terms as a means of protecting the public. His second assignment is not well-taken.

{¶49} Under his final assignment, appellant contends that the trial court erred in imposing a ten-year prison term on each rape count. He maintains a shorter term was warranted because he turned himself in and had not been convicted of any crime in the previous nine years.

{¶50} "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶13. When a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts 'may vacate or modify any sentence that is not clearly and convincing contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.' *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶23." *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14.

{¶51} Rape under R.C. 2907.02(A) is a first-degree felony. The prison term for such offense "shall be three, four, five, six, seven, eight, nine, ten, or eleven years." R.C. 2929.14(A)(1). Given that the trial court sentenced appellant to ten years on each

12

rape count, the terms are within the statutory range. In relation to the one-year terms for the gross sexual imposition counts, the trial court gave the shortest term possible for a third-degree felony. R.C. 2929.14(A)(3)(a).

{¶52} At sentencing, and in the sentencing entry, the trial court expressly stated that it considered the general purposes and principles of felony sentencing, as provided in R.C. 2929.11, and the various factors relating to the seriousness of the crimes and the likelihood of future offenses, as listed in R.C. 2929.12. Thus, the trial court complied with the applicable statutes in determining the length of appellant's felony offenses.

{¶53} The record readily supports the conclusion that the seriousness of the four offenses outweighs any mitigating factor, including that appellant confessed his crimes to the police and expressed true remorse for his behavior. In support, the two victims were only ten years old; appellant was a friend of M.H.'s family and held a position of trust; appellant subjected each victim to various sexual acts; and the victims suffered serious psychological harm.

{¶54} Appellant further argues that the totality of the circumstances support the conclusion that he would never commit these types of crimes again. But the trial court concluded otherwise. Throughout the proceeding, appellant stated that the incident occurred only because he was high on cocaine. However, he had a long history of illegal drug use and had never taken any steps to remedy the problem. Furthermore, appellant had played a pornographic movie in the victims' presence on a prior occasion. In addition, some of the pornographic material in his home shows a predilection for underage girls.

{¶55} Thus, imposition of ten-year terms on the rape counts is not clearly and

13

convincingly contrary to law.  Appellant's final assignment lacks merit.

{¶56}  The judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.