[Cite as *State v. Davey*, 2026-Ohio-2377.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
LICKING COUNTY, OHIO

STATE OF OHIO

    Plaintiff – Appellee

-vs-

JONATHAN D. DAVEY

    Defendant – Appellant

| |
|---|
| Case No. 2025 CA 00086 |
| <u>Opinion And Judgment Entry</u> |
| Appeal from the County Court of Common Pleas, Case No. 2024 CR 00807 |
| Judgment:   Affirmed in part; Reversed in part |
| Date of Judgment Entry:June 23, 2026 |

BEFORE:   Craig R. Baldwin, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Kenneth W. Oswalt, for Plaintiff-Appellee; Brian A. Smith, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}   Appellant Jonathan D. Davey ("Davey") appeals his conviction and sentence following a jury trial in the Court of Common Pleas of Licking County, Ohio. For the reasons noted below, we affirm the trial court's judgment in part – finding that Davey's appeal lacks merit on the issues of sufficiency of the evidence, manifest weight of the evidence, and ineffective assistance of counsel. We reverse the trial court on the issue of failure to merge Counts 1 and 2 for purposes of sentencing, and we find moot the issue of consecutive sentences.

## Facts and Procedural History

**{¶2}** On November 21, 2024, a Licking County Grand Jury returned an indictment charging Davey with five offenses involving the sexual abuse of his now-adult daughter, A.D., when she was less than thirteen years old. Davey was charged as follows:

Count One: Rape of a victim less than thirteen years old, occurring between November 2001 and November 2007, a felony of the first degree in violation of R.C. 2907.02(A)(1)(b);

Counts Two through Five: Gross Sexual Imposition of a victim less than thirteen years old, occurring between November 2001 and November 2007, felonies of the third degree in violation of R.C. 2907.05(A)(4).

**{¶3}** On February 4, 2025, the defense filed a motion in limine seeking to exclude testimony relating to prior bad acts allegedly committed by Davey[1].

**{¶4}** The matter proceeded to a jury trial commencing on August 20, 2025. The evidence presented at trial established the following.

**Testimony of the victim A.D.**

**{¶5}** A.D., who was thirty years old at the time of trial, testified that in 2014, when she was twenty years old, she watched a television program concerning allegations of improper sexual touching by a person's family member. (1Tr. at 133-135)[2]. According to A.D., the program triggered memories of improper touching that had occurred during her childhood. As a result, she sought counseling from Alice Myers. Additionally, several years later A.D. made the decision to report Davey's conduct to the Newark Police Department

---

[1] At the time of trial in this case, Davey had been in federal prison for the past eleven years on an unrelated offense. *See* Sent. Tr. at 5, 8.

[2] For clarity, the transcript of Davey's jury trial will be referred to as "__Tr.__" signifying the volume and page number.

"at a point where I had finally processed everything, and after promotions at work, life calmed down, I finally went to the police to speak about it." A.D. met with Detective Stephen C. Vanoy on April 15, 2024. (1Tr. at 137; 2 Tr. at 215).

{¶6} A.D. testified that when she was seven years old, in 2002, she was playing with a toy in the basement of the family home. (1Tr. at 125; State's Ex. 4). She testified that Davey was lying on his back while she sat on his stomach. According to A.D., Davey began massaging "her back and then at some point his hands roamed under my butt and then began massaging my vaginal area." (1Tr. at 125) A.D. testified that she could feel him "prodding [with his fingers] into my vaginal cavity through my clothes." (1Tr. at 125-126).

{¶7} A.D. further testified that when she was between the ages of eight and nine Davey had her rub his penis both over and underneath his clothing on at least three occasions. (1Tr. at 128-131). She testified that Davey's penis became "semi-hard" during these incidents. (1Tr. at 130). A.D. testified that when she rubbed his penis over his clothing, Davey would instruct her to "go to skin," meaning she should place her hand underneath his clothing. (1Tr. at 131).

{¶8} At Detective Vanoy's suggestion, A.D. wrote Davey a series of letters in an attempt to obtain an admission regarding the abuse allegations. (1Tr. at 139-154; State's Exs. 2A-2D).

**Testimony of Detective Vanoy**

{¶9} Detective Vanoy testified that Davey did not make any admissions in response to A.D.'s letters. (2Tr. at 246; State's Exs. 3A, 3B).

{¶10} Detective Vanoy further testified that A.D. informed him Davey's fingers penetrated her vagina. (2Tr. at 239, 245, 261, 272). Detective Vanoy acknowledged, however, that he did not possess any recording of A.D. making that statement, nor could

he identify any statement in the letters from either A.D. or Davey expressly indicating penetration. (2Tr. at 244).

{¶11} Detective Vanoy interviewed Davey on September 6, 2024. (2Tr. at 227). Davey's recorded interview was played for the jury. (2Tr. at 228; State's Ex. 1). A recorded telephone conversation between Davey and his brother was also played for the jury. (2Tr. at 237; State's Ex. 1A).

**Testimony of Alice Myers**

{¶12} Counselor Alice Myers testified that A.D. disclosed sexual abuse by Davey during a counseling session on June 17, 2024. (1Tr. at 190-191). Myers testified that A.D. disclosed incidents involving back rubbing and penis rubbing. (*Id.*).

**Verdict and Sentence**

{¶13} The defense rested without presenting evidence. Following deliberations, the jury returned guilty verdicts on all five counts of the indictment.

{¶14} At sentencing on October 17, 2025, the trial court reviewed the presentence investigation report and heard statements from the victim, the victim's mother, the prosecutor, defense counsel, and Davey. The trial court imposed a mandatory-term of ten years to life imprisonment on Count One and a stated prison term of five years on each of Counts Two through Five. The court ordered Counts One and Two to be served consecutively, with Counts Three through Five to be served concurrently, for an aggregate sentence of fifteen years to life imprisonment.

**Assignments of Error**

{¶15} Davey raises five assignments of error for our consideration,

{¶16} "I. APPELLANT'S CONVICTION ON COUNT ONE OF THE INDICTMENT, RAPE, WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

{¶17} "II. APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶18} "III. THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO OBJECT TO THE REDACTED VERSIONS OF STATE'S EXHIBITS 2A, 2D, 3A, AND 3B FOR INSUFFICIENTLY REDACTING REFERENCES TO APPELLANT'S INCARCERATION, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

{¶19} "IV. THE TRIAL COURT'S SENTENCE OF APPELLANT WAS CONTRARY TO LAW, BECAUSE THE TRIAL COURT ERRED IN FAILING TO MERGE COUNTS ONE AND TWO FOR PURPOSES OF SENTENCING, IN VIOLATION OF APPELLANT'S RIGHT AGAINST DOUBLE JEOPARDY UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

{¶20} "V. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS CONTRARY TO LAW, BECAUSE THE TRIAL COURT DID NOT MAKE THE REQUIRED FINDINGS AT APPELLANT'S SENTENCING HEARING IN ORDER TO IMPOSE CONSECUTIVE SENTENCES PURSUANT TO R.C. 2929.14(C)(4)."

I.

{¶21} In his first assignment of error, Davey argues that the State failed to present sufficient evidence of penetration to support his conviction for rape. We disagree.

**Standard of Review**

**Sufficiency of the Evidence**

**{¶22}** A challenge to the sufficiency of the evidence presents a question of law that we review de novo. *State v. Walker*, 2016-Ohio-8295, ¶ 30. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶23}** A conviction will be reversed for insufficient evidence only where reasonable minds could reach but one conclusion, acquittal. *State v. Ketterer*, 2006-Ohio-5283, ¶ 94.

**Governing Law**

**{¶24}** Davey was convicted under R.C. 2907.02(A)(1)(b), which provides:

> No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when … [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

**{¶25}** "Sexual conduct" is defined, in relevant part, as:

> *** the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

R.C. 2907.01(A). [3]

---

[3] In 2006, the General Assembly amended R.C. 2907.01(A) to replace the term "vaginal cavity" with "vaginal opening." See 151 Ohio Laws, H.B. 95, effective August 3, 2006. As noted above, the rape in this case occurred in 2002, which, of course, was prior to the 2006 amendment. All references to R.C. 2907.01(A) throughout this opinion are to the version in effect in 2002. Moreover, the trial court properly

**{¶26}** Non-penile rape occurs when a person inserts any body part or object into another person's vaginal or anal cavity (under the pre-August 2006 amendment), even slightly. Sexual intercourse is proved the same way, by even the slightest penetration of those openings by a penis. In both situations, the law focuses on the same basic act: entering the vaginal or anal cavity. The only statutory difference is what caused the incursion - whether it was a penis, another body part, or an object. The law does not require a deeper or different kind of incursion for one form of sexual conduct versus the other. Thus, caselaw interpreting "penetration" sufficient to complete vaginal or anal intercourse is instructive in determining what constitutes "insertion into another's vaginal or anal cavity."

**{¶27}** This Court, as well as others, has consistently held - both prior to and following the August 2006 amendment to R.C. 2907.01(A) - that penetration is established when force causes the labia majora to separate. *State v. Carpenter*, 60 Ohio App.3d 104, 105 (5th Dist. 1989); *See State v. Remy*, 2018-Ohio-2856, ¶ 27 (2d Dist.); *State v. Stacey*, 2009-Ohio-3816, ¶ 16 (3d Dist.); *State v. Melendez*, 2009-Ohio-4425, ¶ 14 (9th Dist.).

**{¶28}** Consistent with that interpretation, courts have recognized that, for purposes of the rape statute, penetration does not require proof of intrusion into a deeper internal structure. *See State v. D.H.*, 2018-Ohio-559, ¶ 30 (10th Dist.). As the Twelfth District explained, "'although perhaps medically imprecise, legally, the vagina begins at the external genitalia, not some deeper internal structure.'" *State v. Jackson*, 2023-Ohio-3749, ¶ 18 (12th Dist.), quoting *State v. Artis*, 2021-Ohio-2965, ¶ 97 (6th Dist.).

---

instructed the jury on the version of R.C. 2907.01(A) in effect at the time the rape offense was committed in 2002.

**{¶29}** Here, under well-established law, a finding that Davey penetrated the victim's external genitalia, however slightly, causing the labia majora (external genitalia) to separate, is sufficient to support a finding that Davey engaged in sexual conduct in accordance with R.C. 2907.01(A).

**Application**

**{¶30}** Viewed in a light most favorable to the State, the evidence presented at trial was sufficient to support a finding that Davey engaged in sexual conduct. A.D. testified that the incident occurred when she was seven years old. (1Tr. 125-126.) She testified that Davey was lying on his back while she sat on his stomach and that he began massaging her vaginal area with his hand. (*Id.*) A.D. further testified that she could feel Davey "prodding [with his fingers] into my vaginal cavity through my clothes." (*Id.*) On cross-examination, when asked to explain to the jury how Davey penetrated her vagina, A.D. testified,

> So it would begin as like through the clothing, like rubbing circles on my vulva, and then with like the pads of his thumbs began prodding the vaginal cavity.

1TR. at 179. Detective Vanoy likewise testified that A.D. reported Davey's fingers went inside her vagina. (2Tr. 239, 245, 261, 272.)

**{¶31}** This testimony, if believed, was sufficient to permit a rational trier of fact to conclude that rape had occurred by the insertion, however slight, of any part of the body into the vaginal cavity. The State was not required to prove deeper internal penetration. Rather, evidence establishing prodding sufficient to separate A.D.'s external genitalia was legally sufficient under Ohio law.

**Conclusion**

**{¶32}** Construing the evidence in the light most favorable to the State, a rational trier of fact could find beyond a reasonable doubt that in 2002 Davey engaged in sexual conduct with the victim, as defined by R.C. 2907.01(A). Accordingly, the State presented sufficient evidence to support the rape conviction.

**{¶33}** Davey's first assignment of error is overruled.

II.

**{¶34}** In his second assignment of error, Davey argues that his convictions are against the manifest weight of the evidence. Specifically, he renews his contention that the State failed to establish insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening[4] of another sufficient to support the rape conviction and further argues that the victim and Detective Vanoy lacked credibility. We disagree.

**Standard of Review**

**Manifest Weight of the Evidence**

**{¶35}** A manifest-weight challenge concerns the persuasive effect of the evidence rather than its legal sufficiency. *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 19. The reviewing court must consider the entire record, weigh the evidence and all reasonable inferences, evaluate witness credibility, and determine whether the jury clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

---

[4] Appellant references throughout his brief to "vaginal opening," which, of course, is the sexual conduct definition following the August 3, 2006, amendment to R.C. 2907.01(A).

**{¶36}** In conducting this review, an appellate court acts as a "thirteenth juror." *State v. Jordan*, 2023-Ohio-3800, ¶ 17. Nevertheless, substantial deference is afforded to the factfinder because the jury is in the best position to observe the witnesses' demeanor, gestures, voice inflections, and overall manner of testifying. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). Accordingly, reversal on manifest-weight grounds is reserved for the exceptional case in which the evidence weighs heavily against conviction. *Thompkins* at 387.

**{¶37}** Additionally, Article IV, Section 3(B)(3) of the Ohio Constitution requires unanimous concurrence of the appellate panel before a conviction may be reversed as against the manifest weight of the evidence. *Bryan-Wollman v. Domonko*, 2007-Ohio-4918, ¶¶ 2-4.

**Application**

**{¶38}** Here, the jury observed A.D.'s testimony firsthand and heard extensive cross-examination regarding her account of the offenses. The jury likewise heard Detective Vanoy's testimony and was able to assess his credibility and the consistency of the victim's prior statements.

**{¶39}** As the trier of fact, the jury was free to believe all, part, or none of any witness's testimony. *State v. Petty*, 2017-Ohio-1062, ¶ 63 (10th Dist.), quoting *State v. Mullins*, 2016-Ohio-8347, ¶ 39 (10th Dist.). Moreover, when the evidence permits two reasonable interpretations, an appellate court may not substitute its judgment for that of the jury merely because it might have resolved credibility issues differently. *State v. Dyke*, 2002-Ohio-1152, ¶ 13 (7th Dist.).

**{¶40}** After independently reviewing the entire record, we cannot conclude that the jury lost its way or created a manifest miscarriage of justice. A.D. testified that Davey's

thumbs prodded into her vaginal cavity. Detective Vanoy further testified that A.D. consistently reported that Davey's fingers went inside her vagina. The jury was entitled to credit that testimony.

{¶41} Davey's manifest-weight argument largely reiterates his sufficiency challenge and attacks the credibility of the State's witnesses. However, credibility determinations are primarily for the jury, which had the opportunity to observe the witnesses and evaluate their testimony in context. The mere fact that the jury chose to believe the State's witnesses does not render the convictions against the manifest weight of the evidence.

{¶42} Nor does the record demonstrate that the jury disregarded significant exculpatory evidence or overlooked material inconsistencies. Rather, the evidence, if believed, established all elements of rape and gross sexual imposition. This is not the exceptional case in which the evidence weighs heavily against conviction.

**Conclusion**

{¶43} Upon review of the entire record, and after weighing the evidence and all reasonable inferences, we conclude that the jury did not clearly lose its way or create a manifest miscarriage of justice. Davey's convictions for rape and gross sexual imposition are not against the manifest weight of the evidence.

{¶44} Davey's second assignment of error is overruled.

III.

{¶45} In his third assignment of error, Davey argues that trial counsel rendered ineffective assistance by failing to ensure the complete removal of references - indicating that he was incarcerated - from letters exchanged with the victim. Davey concedes that the information was redacted but contends that the use of pen or marker to obscure

portions of the text was inadequate and allowed the jury to infer that he was in prison. We disagree.

### Standard Governing Ineffective Assistance Claims

{¶46} To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). The defendant must demonstrate both that (1) counsel's performance fell below an objective standard of reasonable representation and (2) counsel's deficient performance prejudiced the defense. *Id.* Prejudice requires a showing of a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *Id.* at 694.

{¶47} A failure to establish either prong is fatal to the claim. *Strickland* at 697; *State v. Madrigal*, 2000-Ohio-448.

### Governing Law

{¶48} Ohio courts have repeatedly recognized that a brief or vague reference to a defendant's custodial status does not necessarily deprive the defendant of a fair trial. In *State v. Williams*, 2003-Ohio-4164, the Supreme Court of Ohio held that a brief reference indicating the defendant had been arrested and was in custody did not undermine the presumption of innocence in the same manner as requiring a defendant to appear before the jury in jail clothing.

{¶49} Likewise, courts have distinguished vague references to incarceration from evidence disclosing specific prior criminal conduct. See *State v. W.J.*, 2015-Ohio-2353, ¶ 52 (10th Dist.) (reference to prior incarceration was vague and did not identify a specific offense); *State v. Loterbaugh*, 2020-Ohio-1104, ¶ 58 (7th Dist.).

**Application**

{¶50} Here, Davey does not identify any specific information revealed to the jury regarding prior criminal conduct or incarceration. Rather, he speculates that the way the letters were redacted may have permitted jurors to infer that he was incarcerated. However, such speculation is insufficient to establish prejudice under *Strickland*. *See State v. McKinney*, 2024-Ohio-4642, ¶ 35 (4th Dist.); *State v. Powell*, 2012-Ohio-2577, ¶ 86. Davey offers no evidence that the jury drew the inference he suggests, much less that any such inference affected the verdict.

{¶51} Moreover, the record contains no indication that the jury disregarded its oath or failed to follow the trial court's instructions. Jurors are presumed to follow the instructions given by the court. Given the substantial evidence supporting Davey's convictions, he cannot demonstrate a reasonable probability that the outcome of the trial would have been different had the redactions been made in another manner.

{¶52} Accordingly, even assuming arguendo that counsel's performance was deficient, Davey has failed to establish prejudice as required under *Strickland*.

**Conclusion**

{¶53} Because Davey has not demonstrated deficient performance or resulting prejudice, his claim of ineffective assistance of counsel lacks merit.

{¶54} Davey's third assignment of error is overruled.

IV.

{¶55} In his fourth assignment of error, Davey argues that the trial court erred by failing to merge the rape conviction with the gross sexual imposition conviction charged in Count 2 of the indictment. At sentencing, the trial court denied merger, stating: "I find

the counts do not merge. They were alleged sufficiently to constitute separate counts. I would deny the merger of Count 1 and 2." (Sent. Tr. at 17.)[5]

**Standard of Review**

**{¶56}** Whether offenses merge as allied offenses of similar import under R.C. 2941.25 presents a question of law that we review de novo. *State v. Williams*, 2012-Ohio-5699, ¶ 1; *State v. Bailey*, 2022-Ohio-4407, ¶ 6.

**Governing Law**

**{¶57}** Ohio's multiple-count statute, R.C. 2941.25, governs whether multiple punishments may be imposed for conduct arising from the same criminal episode. The statute provides:

> **(A)** Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> **(B)** Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where the offenses were committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶58}** In *State v. Ruff*, 2015-Ohio-995, ¶ 31, the Supreme Court of Ohio instructed courts to consider three questions:

---

[5] The State concedes in its brief that "the remaining gross sexual imposition counts involved Davey having the victim rub his penis on three occasions in his bedroom." Appellee Brief, p. 21, fn. 11. Accordingly, we are led to conclude that Count 2 – Gross Sexual Imposition – arose from the same basement incident giving rise to Count 1 – Rape.

Were the offenses dissimilar in import or significance?

Were they committed separately?

Were they committed with separate animus or motivation?

{¶59} An affirmative answer to any one of these questions permits separate convictions. *Id., see also, State v. Knuff,* 2024-Ohio-902, ¶219; *State v. Baliey*, 2022-Ohio-4407, ¶10. The analysis is fact-specific and focuses on the defendant's conduct. *Id.*

{¶60} Rape and gross sexual imposition may constitute allied offenses of similar import depending upon the facts of the case. Gross sexual imposition is a lesser included offense of rape, and when both offenses arise from the same conduct, are committed with the same animus, and produce the same harm, merger is generally required. *State v. St. John,* 2017-Ohio-4043, ¶ 18 (11th Dist.).

{¶61} That said, offenses committed in close temporal proximity do not automatically merge. Courts must still determine whether the defendant engaged in separate conduct, caused separate harms, or acted with a separate animus. *State v. Black*, 2016-Ohio-383 (8th Dist.); *State v. Victor*, 2022-Ohio-4159, ¶ 40 (11th Dist.). Accordingly, where the evidence demonstrates distinct sexual acts or a separate motivation for each act, separate convictions are permitted.

{¶62} Conversely, merger is required where the conduct underlying the gross-sexual-imposition offense is merely incidental to the rape itself. In *J.M.*, the Tenth District explained that where the digital penetration "was accomplished literally with the same gesture, during the same moment, with the same animus as the gross sexual imposition and to the same harmful effect" the offenses were correctly merged. *State v. J.M.*, 2015-Ohio-5574, ¶ 56 (10th Dist.).

**{¶63}** Likewise, in *State v. Teagarden*, 2008-Ohio-6896, ¶ 178 (5th Dist.), this Court distinguished between conduct demonstrating a separate animus and conduct that merely facilitated the rape itself. Although *Teagarden* was decided before *Ruff*, its reasoning is fully consistent with the modern allied-offense analysis. In *Teagarden*, this Court concluded that appellant's act of groping the victim's breasts demonstrated a separate animus from the rape offense and therefore supported a separate conviction. By contrast, appellant's acts of fondling the victim's buttocks and touching the outside of her vaginal area were deemed incidental to the rape itself and merged for sentencing purposes. *Id.* Implicit in that holding was the determination that those acts were not committed separately, did not produce a distinct or identifiable harm, and were not motivated by a separate animus from the rape, precisely the considerations later articulated in *Ruff* for determining whether offenses merge under R.C. 2941.25.

**{¶64}** Accordingly, the critical inquiry is whether the gross-sexual-imposition conduct constituted a distinct act causing a separate harm, or whether it was simply part of accomplishing the rape itself.

**Application**

**{¶65}** Here, the evidence established a single, continuous course of conduct between the rape as alleged in Count 1 of the indictment and the gross sexual imposition as alleged in Count 2. A.D. testified that Davey was lying on his back while she sat on his stomach and that he began rubbing her vaginal area with his hand. She further testified that the conduct began with rubbing through her clothing and "then" with prodding her vaginal cavity with his thumbs. As noted previously, on cross-examination, A.D. explained:

So it would begin as like through the clothing, like rubbing circles on my vulva, and then with like the pads of his thumbs began prodding the vaginal cavity.

(1Tr. at 179.)

**{¶66}** The record does not demonstrate a separate animus, a distinct temporal break, or an identifiable harm independent from the rape offense. Rather, the touching forming the basis of the gross sexual imposition charge was incidental to and part of the same continuous conduct that culminated in the rape offense. Under these circumstances, the offenses were not committed separately and did not involve separate animus or distinct harm. Accordingly, the gross sexual imposition offense charged in Count 2 should have merged with the rape offense charged in Count 1 for purposes of sentencing. *Teagarden* at ¶ 178.

**Remedy**

**{¶67}** When offenses merge under R.C. 2941.25, the trial court may not impose separate sentences for both offenses, even if those sentences are ordered to run concurrently. *State v. Damron*, 2011-Ohio-2268, ¶ 17; *State v. Whitfield*, 2010-Ohio-2, ¶ 12. Instead, the trial court must merge the allied offenses into a single conviction, permit the State to elect which offense to pursue for sentencing, and impose sentence only on the elected offense. *Damron* at ¶ 17; *State v. Brown*, 2008-Ohio-4569, ¶¶ 41-43. "When a cause is remanded to a trial court to correct an allied offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the State selects which allied offense or offenses to pursue. R.C. §§ 2929.19(A), 2941.25." *State v. Wilson,* 2011-Ohio-2669 at paragraph one of the syllabus. Only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for

any offenses that were not affected by the appealed error are not vacated and are not subject to review. *Wilson* at ¶15 citing *State v. Saxon*, 109 Ohio St.3d 176 at paragraph three of the syllabus.

{¶68} Accordingly, Davey's fourth assignment of error is sustained. This matter is remanded to the trial court for the limited purpose of merging Count 1 and Count 2, and resentencing consistent with R.C. 2941.25. On remand the trial court must merge the allied offenses into a single conviction, permit the State to elect which offense to pursue for sentencing, and impose sentence only on the elected offense.

V.

{¶69} In his fifth assignment of error, Davey argues that the trial court erred in imposing consecutive sentences. Specifically, Davey contends that the trial court failed to make the findings required by R.C. 2929.14(C)(4)(b). He argues that the trial court discussed only the seriousness of the "crimes" themselves, rather than expressly finding that "the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term" adequately reflected the seriousness of his conduct.

{¶70} Here, the trial court ordered only the sentences on Count 1 and 2 to be served consecutively. In light of our disposition of Davey's fourth assignment of error in which we found that Counts 1 and 2 merge for sentencing and, therefore, this matter must be remanded to the trial court for resentencing, we find Davey's fifth assignment of error to be moot because the gross sexual imposition offense charged in Count 2 will merge with the rape offense charged in Count 1.

{¶71} Davey's fifth assignment of error is overruled as moot.

{¶72} For the foregoing reasons, we overrule Davey's first, second, third, and fifth assignments of error and sustain Davey's fourth assignment of error.

**{¶73}** The judgment of the Court of Common Pleas for Licking County, Ohio is affirmed in part and reversed in part, and this matter is remanded to that court to conduct a new sentencing hearing for the limited purpose of merging Count 1 and Count 2, and resentencing consistent with R.C. 2941.25.

**{¶74}** On remand the trial court must merge the allied offenses into a single conviction, permit the State to elect which offense to pursue for sentencing, and impose sentence only on the elected offense. The sentences for any other offenses are not vacated and are not subject to review.

**{¶75}** Costs to be waived.

By: Popham, J.

Baldwin, P.J. and

Gormley, J., concur